UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY BLAIR,

    Plaintiff,

vs.                            CASE NO.:  2:13-CV-00134

ACL FOUNDATIONS, DEMO &
CONSTRUCTION, INC., A
GEORGIA CORPORATION, AND
ANDREW LIVINGSTON,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY BLAIR, by and through the undersigned attorney, sues the Defendants, ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC., a Georgia Corporation, and ANDREW LIVINGSTON, Individually, and alleges:

1.    Plaintiff, JEFFREY BLAIR, was an employee of Defendants and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.    Plaintiff was an hourly paid employee working as a foreman for Defendants from approximately May 2012 to august 2012.

3.    Defendant, ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC., is

1

a Georgia Corporation that operates and conducts business in, among other locations, Cumming, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, ANDREW LIVINGSTON was an individual resident of the State of Georgia who owned and operated ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC., and who regularly exercised the authority to: (a) hire and fire employees of ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC.; (b) determine the work schedules for the employees of ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC., and (c) control the finances and operations of ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC.  By virtue of having regularly exercised that authority on behalf of ACL FOUNDATIONS, DEMO & CONSTRUCTION, INC., ANDREW LIVINGSTON is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendants, Defendants employed

2

two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Part of Defendants' business included doing remodels for Kroger grocery stores in several states.

10. Included in such goods, materials and supplies were remodel and foundation supplies and equipment carried and handled by Defendants' workers which originated from outside the state of Georgia

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of travelling and working in several states for Defendants as well as almost daily phone calls to Defendants from outside the state of Georgia.

13. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff for all hours worked.

14. Specifically, during his employment, Defendants would arbitrarily cut the hours that Plaintiff worked, and only pay him for a portion of the hours he actually worked.

15. If Defendants felt Plaintiff and other workers were not working "hard enough," Defendants would cut Plaintiff's pay.

16. As a result of Defendants' actions, Plaintiff was not paid complete

overtime compensation for all hours worked and also was not paid the minimum wage for each hour worked.

17. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendants, Plaintiff worked overtime hours.

21. However, Defendants failed to pay Plaintiff for all overtime hours worked as a result of Defendants arbitrarily cutting Plaintiff's worked time from his records.

22. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JEFFREY BLAIR, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

26. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

27. While working for Defendants, Defendants would arbitrarily cut hours from Plaintiff's time records, resulting in Plaintiff not being paid the minimum wage for all hours worked.

28. Plaintiff has demanded proper compensation for these unpaid wages via a demand letter, but Defendants have failed to respond to same.

29. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

30. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

31. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more

weeks of work with Defendants.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JEFFREY BLAIR, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __ day of June, 2013.

_____
C. Ryan Morgan, Esq.
Georgia Bar No.: 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
Email:      RMorgan@forthepeople.com
Attorneys for Plaintiff