IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JEFFREY BLAIR, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. 2:13-CV-134-WCO |
| | : |
| ANDREW LIVINGSTON, | : |
| | : |
| Defendant. | : |

**ORDER**

The captioned case is before the court for consideration of plaintiff's motion for default judgment [6]. No response has been filed.

**I.    Facts**

On June 21, 2013, plaintiff Jeffrey Blair filed this action seeking unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). (Compl.) On August 2, 2013, defendant was served with a summons and a copy of the complaint.[1] (Aff. of Serv.) Pursuant to Federal Rule of Civil Procedure 12(a)(1), defendant was required to file a pleading in response to the complaint within 21 days of being served

---

[1] Initially, this action was filed against Andrew Livingston as well as ACL Foundations, Demo & Construction, Inc. ("ACL"). On October 21, 2013, plaintiff filed a notice of voluntary dismissal as to ACL due to non-service.

with the complaint. As a result, defendant's response to the complaint was due on or before August 23, 2013. Because defendant failed to respond, plaintiff filed a motion for entry of default on September 4, 2013. As of this date, defendant has not filed any motion or pleading in response to the complaint or plaintiff's motions.

## II. Legal Analysis

Plaintiff moves for an entry of final judgment by default against defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). The affidavit of service shows that the complaint was served on defendant on August 2, 2013. The clerk entered a default on the record on September 5, 2013, after defendant failed to appear, plead, or answer within the time prescribed by law. As of this date, defendant has not filed any pleadings or appeared otherwise in this case. The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55 (a).

Having determined that a default is properly entered against defendant on plaintiff's claims, the court then "determine[s] the amount and character of the recovery that should be awarded." *Patray v. Northwest Publishing, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996) (internal quotation and citation omitted). In the court's evaluation of a motion for default judgment, "defendant is not held to admit facts that

are not well-pleaded or to admit conclusions of law." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* In other words, "[e]ven after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998). Accordingly, the court reviews plaintiff's well-pleaded allegations in his complaint and the reasonable inferences from these allegations to determine whether plaintiff has stated claims for relief. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (holding that "a default judgment may not stand on a complaint that fails to state a claim").

In addition, "[i]t is a proper exercise of judicial power for a court upon default, by taking evidence when necessary . . . to fix the amount which the prevailing party is lawfully entitled to recover and then give judgment accordingly." *Patray*, 931 F. Supp. at 869-70. "Generally, damages may be awarded without a hearing if they are for a liquidated amount. . . . However, a plaintiff must also establish that the amount is reasonable under the circumstances." *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "In considering the amount of damages or the truth of

3

an averment of evidence, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant." *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009).

Based upon the well-pleaded complaint's allegations and plaintiff's declaration and exhibits submitted in support of his default judgment motion, plaintiff has established his claim against defendant. To prevail on a claim under the FLSA, plaintiff must establish: 1) that he was an employee of defendant and was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; and 2) that defendant failed to pay the proper compensation as required by law. *Eleventh Circuit Pattern Jury Instructions* - Civil 4.14, 240 (2013).

In the complaint, plaintiff alleges that he worked for defendant from May 2012 to August 2012, that defendant was an enterprise engaged in commerce under the FLSA, and that plaintiff engaged in interstate commerce. (Compl. ¶¶ 1, 2, 4, 7-12.) In addition, plaintiff's complaint alleges that defendant arbitrarily discounted the hours that he worked (including overtime hours) and paid him for a portion of the hours he actually worked. (Compl. ¶¶ 12-17.) As a result, plaintiff claims that defendant failed to pay him for all overtime hours worked. (Compl. ¶¶ 21.) Plaintiff's complaint seeks relief for the damages incurred and demands judgment against

4

defendant. In sum, plaintiff has set forth all allegations required to state a claim for compensation under the FLSA. As the court must deem the well-pleaded allegations of the complaint as true, the court finds that plaintiff has established each element of a claim under the FLSA.

According to plaintiff's declaration, he worked for defendant from May 2012 to August 2012 (approximately 16 weeks) as a foreman and was paid an hourly wage of $10.00. (Mot. for Default J. Ex. A ¶ 5.) Plaintiff estimates that he worked seven hours of overtime per week without pay for a total of 112 hours.[2] (*Id.*) Plaintiff's overtime pay rate would have been $15.00 per hour (at time and a half of his hourly rate). Consequently, plaintiff is owed $1,680.00 in overtime pay (112 hours at $15.00 per hour). Plaintiff is also entitled to liquidated damages in an amount equal to his unpaid overtime wages. 29 U.S.C. § 216(b). *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (holding that an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds).

---

[2] Plaintiff states that he did not keep a copy of the recorded time cards, which he submitted to defendant. (Mot. for Default J. Ex. A ¶ 5.)

In addition, FLSA authorizes an award of attorneys' costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. 29 U.S.C. § 216(b). Plaintiff is the prevailing party in this proceeding to enforce the provisions of the FLSA. According to the cost ledger plaintiff's counsel submitted to the court, plaintiff has incurred $567.30 in costs, of which $525.00 was for an awardable cost of filing fees and service of process charges. (Mot. for Default J. Ex. B.) *See Perrin v. John B. Webb & Assoc., Inc.*, No. 604CV399, 2005 WL 2465022, at *5 (M. D. Fla. Oct. 6, 2005).

### III.  Conclusion

For the foregoing reasons, the court hereby **GRANTS** plaintiff's motion for default judgment [6]. The clerk of the court is hereby **DIRECTED** to **ENTER** default judgment in favor of plaintiff and against defendant in the principal amount of $3,360.00 plus attorney's costs in the amount of $525.00 for a total of $3,885.00, and post-judgment interest to accrue on the total of such sums at the rate allowed by law from the date of entry of this order until such amount has been paid in full.

**IT IS SO ORDERED**, this 11th day of March, 2014.

                               s/*William C. O'Kelley*
                               WILLIAM C. O'KELLEY
                               Senior United States District Judge